IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. CR409-216 |
| | ) | |
| RONELL EGLIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 30), to which no objections have been filed. After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Court **ADOPTS** the Report and Recommendation as the Opinion of this Court with the following modification. The Motion to Suppress is **DENIED**.

While the Court agrees generally with the Report and Recommendation, the Court is dubious of the application of Devenpeck v. Alford, 543 U.S. 146, 153 (2004), for the proposition that an "officer's mistake of law was not fatal provided that the objective facts known to him furnished probable cause" in the context of a traffic stop (Doc. 30 at 5). However, traffic stops are generally upheld where the officer's factual knowledge establishes an objective violation of the law, even if the officer fails to cite the

correct code section justifying the stop. See, e.g., United States v. Eckhart, 569 F.3d 1263, 1271 (10th Cir. 2009) ("An officer need not be able to quote statutes (or scripture), chapter and verse. Some confusion about the details of the law may be excused so long as there was either an observed actual traffic violation or reasonable articulable suspicion that an actual traffic or equipment violation has occurred or is occurring."), United States v. Montes-Hernandez, 2009 WL 3172349, at *4 (5th Cir. 2009) (unpublished) ("The legal justification for a traffic stop 'must be objectively grounded.'" (quoting United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999)), United States v. Delfin-Colina, 464 F.3d 392, 400-01 (3d Cir. 2006), United States v. McDonald, 453 F.3d 958, 961-62 (7th Cir. 2006) ("A stop based on a subjective belief that a law has been broken, when no violation actually occurred, is not objectively reasonable." (emphasis added)). And, although it appears that the Eleventh Circuit has never conclusively decided this issue, it has hinted that it concurs with the view expressed in the above-cited persuasive precedent. See United States v. Salter, 255 Fed. App'x 355, 359 n.2 (11th Cir. 2007) (unpublished). Accordingly, while Devenpeck may not control, the Magistrate Judge's statement as to the law was correct.

2

Therefore, the Court **MODIFIES** the Report and Recommendation to include this analysis regarding traffic stops based on mistakes of law.

SO ORDERED this 12th day of February, 2010.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA